## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| JACEN DAVIDSON, and IRON WORKERS OF TENNESSEE VALLEY AND VICINITY WELFARE FUND, IRON WORKERS OF TENNESSEE VALLEY AND VICINITY PENSION FUND, and IRON WORKERS OF TENNESSEE VALLEY AND VICNITY ANNUITY FUND, | ) ) ) ) ) ) ) ) | Case No. 3:23-cv-00050<br><br>Judge Eli J. Richardson<br>Magistrate Judge Barbara D. Holmes |
|       Plaintiffs, | ) ) | |
| v. | ) ) | |
| ELITE STEEL, LLC, ALISHA MORGAN, and SHAUN MORGAN, | ) ) ) | |
|       Defendants. | ) ) | |

## ENTRY OF DEFAULT

Pending is Plaintiffs' Amended Request for Entry of Default against All Defendants pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 11). For the following reasons, the Plaintiffs' Amended Request is **GRANTED**.

On January 19, 2023, Plaintiffs filed their Complaint against Defendants. (Doc. No. 1). On February 22, 2023, Plaintiffs returned the Summonses as to Elite Steel LLC and Alisha Morgan. (Doc. Nos. 16 and 17). On March 19, 2023, Plaintiffs filed a Request for Entry of Default as to Elite Steel LLC and Alisha Morgan. (Doc. No. 19). On March 28, 2023, Plaintiffs returned the Summons as to Shaun Morgan. (Doc. No. 21). On May 9, 2023, Plaintiffs filed the pending Amended Request for Entry of Default as to all Defendants. (Doc. No. 24). In support, Plaintiffs

1

included amended Proof of Service declarations for Elite Steel LLC and Alisha Morgan. (Doc. Nos. 24-1 and 24-2).

Pursuant to Local Rule 55.01,

> Motions for entry of default under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying, among other things, (i) proof of service; (ii) the opposing party's failure to plead or otherwise defend; (iii) if the opposing party is an individual, that the opposing party is not a minor or incompetent person; and (iv) if the opposing party is an individual, that the opposing party is not in the military service, as required by 50 U.S.C. § 3931(b)(1). Evidence from the Defense Manpower Data Center, or other reliable source, confirming that the opposing party is not in the military service must be appended to the unsworn declaration.

L.R. 55.01.

In support of its Amended Request, and to comply with Local Rule 55.01, Plaintiffs rely upon the following: 1) the Declaration of Karla M. Campbell who confirms that the individual defendants are neither minors nor incompetent, (Doc. No. 12); 2) the returned Proof of Service declarations evidencing personal service upon all three Defendants, (Doc. Nos. 21, 24-1, and 24-2); 3) the Declaration Ellen J. Rowe confirming that Shaun Morgan is not in active military service (Doc. No. 21-1 at PageID # 72-73); and 4) the Declaration of Jeff Goetz confirming that Alisha Morgan is not in active military service, (Doc. No. 17-1).  To date, none of the Defendants have entered an appearance or otherwise defended this action.

Plaintiffs have satisfied their obligations under Rule 55(a) and Local Rule 55.01.  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Accordingly, the Plaintiffs' Amended Request for Entry of Default against

Elite Steel LLC, Alisha Morgan, and Shaun Morgan, (Doc. No. 24), is **GRANTED**. The Clerk's

Office is directed to terminate Plaintiffs first Request for Entry of Default. (Doc. No. 19).

s/ Lynda M. Hill
Lynda Motes Hill
Clerk of Court
