IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JACEN DAVIDSON; IRON WORKERS OF TENNESSEE VALLEY AND VICINITY WELFARE FUND; IRON WORKERS OF TENNESSEE VALLEY AND VICINITY PENSION FUND; and, IRON WORKERS OF TENNESSEE VALLEY AND VICINITY ANNUITY FUND<br><br>v.<br><br>ELITE STEEL, LLC; ALISHA MORGAN; and, SHAUN MORGAN | Case No. 3:23-cv-00050<br>Judge Richardson<br>Magistrate Judge Holmes |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the motion to set aside entry of default (Docket No. 34) filed by Defendant Alisha Morgan[1], which, for the reasons discussed below, is GRANTED solely as to Ms. Morgan.[2]

**Background**

Familiarity with the case is presumed and only the underlying facts and procedural history necessary to give context to or explanation of the Court's determination are recited here.[3] The

---

[1] For clarity, Defendant Alisha Morgan is referred to as Ms. Morgan. This case has multiple defendants – the corporate defendant, Elite Steel, LLC, and two individual defendants, Alisha Morgan and Shaun Morgan. All further proceedings in this case against Defendant Elite Steel were automatically stayed upon Elite Steel's filing of a chapter 7 bankruptcy. *See* Docket Nos. 31 and 36 and *infra* note 6. Neither Defendant Elite Steel nor Defendant Shaun Morgan are parties to this motion, which is brought only by Defendant Alisha Morgan.

[2] A motion to set aside a Clerk's entry of default – as opposed to granting or setting aside a default judgment – is considered a non-dispositive motion that a Magistrate Judge can decide directly under 28 U.S.C. § 636(b)(1)(A), rather than addressing by report and recommendation under 28 U.S.C. § 636(b)(1)(B). *See Allstate Fire & Cas. Ins. Co. v. Novosad*, No. 16-12481, 2016 WL 5430191, at *1 n.2 (E.D. Mich. Sept. 29, 2016) (collection of cases).

[3] The facts are taken from the record, including the complaint, and unless otherwise noted, are generally undisputed.

Plaintiff Funds – Iron Workers of Tennessee Valley and Vicinity Welfare Fund, Iron Workers of Tennessee Valley and Vicinity Pension Fund, and Iron Workers of Tennessee Valley and Vicinity Annuity Fund – filed this lawsuit through one of their fiduciaries, Plaintiff Jacen Davidson, on January 19, 2023, asserting claims that Elite Steel and the individual Defendants breached provisions of (i) the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, as amended by the Multiemployer Pension Plan Amendments Act of 1980, in particular 29 U.S.C. § 1145 (Section 515 of ERISA); (ii) a collective bargaining agreement; and (iii) the trust agreement whereby the Plaintiff Funds were created and operate. (Docket No. 1 at 3).

The nature of the alleged breach was the failure to pay any contributions (or interest due thereon) to Plaintiff Funds and failing to submit reports with employee work history. (*Id.*).[4] An amended complaint was filed on February 1, 2023. (Docket No. 11.) Defendant Alisha Morgan was served with process on February 16, 2023. (Docket No. 17.)[5] On March 17, 2023, Plaintiffs moved for entry of default against Defendants Elite Steel and Alisha Morgan. (Docket No. 19.) Plaintiffs filed an amended motion for default against all Defendants on May 9, 2023. (Docket No. 24.) Because Defendants did not timely answer the complaint, the Clerk of Court entered a default on June 7, 2023. (Docket No. 29.)[6]

---

[4] The background is also summarized in the Court's Memorandum Opinion and Order of January 24, 2023, denying Plaintiffs' request for a temporary restraining order. (Docket No. 10 at 1–2.)

[5] Defendant Elite Steel was served with process on February 22, 2023. (Docket No. 16.) Shaun Morgan was served with process on March 21, 2023. (Docket No. 21.)

[6] Defendant Elite Steel, LLC filed a petition for chapter 7 bankruptcy relief on April 4, 2023. Although Defendant Elite Steel's intervening bankruptcy, which occurred prior to Plaintiffs' amended motion for entry of default on May 9, 2024 (Docket No. 24), stayed any further proceedings against Elite Steel, the Court was not provided with notice of that bankruptcy until June 15, 2023 (Docket No. 31), which was after the June 7, 2023 entry of default. Following Elite Steel's notice of bankruptcy, an order was entered reiterating that all further proceedings against

2

On June 19, 2023, Defendant Alisha Morgan filed the instant motion seeking to set aside entry of default. Not surprisingly, Plaintiffs oppose Ms. Morgan's requested relief. (Docket No. 40.)

## Legal Standards and Discussion

A motion to set aside a default is governed by Fed. R. Civ. 55(c).[7] That rule sets forth a relatively relaxed "good cause" standard for setting aside a Clerk's entry of default. *U.S. v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010). *See also Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838–39 (6th Cir. 2011) (setting aside a final judgment requires a more demanding standard than setting aside an entry of default). The criteria used to determine whether good cause has been shown for purposes of granting a motion under Rule 55(c) are (1) whether the default was willful, (2) whether setting aside entry of default would prejudice the plaintiff, and (3) whether the alleged defense is meritorious. *Dassault Systemes, SA*, 663 F.3d at 838–39 (citing *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983)).

A court reviewing a Rule 55(c) motion should be "extremely forgiving to the defaulted party" and utilize a policy "of resolving cases on the merits instead of on the basis of procedural missteps." *$22,050.00 U.S. Currency*, 595 F.3d at 322. All ambiguous or disputed facts must be construed in the light most favorable to the defendant and any doubts resolved in her favor. *Dassault Systemes, SA*, 663 F.3d at 841. Further, "judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co.*, 705 F.2d at 845. Upon consideration of the requisite factors, the Court finds that Ms. Morgan has sufficiently shown

---

Defendant Elite Steel were stayed by operation of the automatic stay provisions of the Bankruptcy Code but permitting the case to proceed against the individual non-debtor Defendants. *See* Order at Docket No. 36.

[7] Unless otherwise noted, all references to rule are to the Federal Rules of Civil Procedure.

good cause to set aside the entry of default against her in this case. The factors are addressed in turn as follows.

**<u>Willful Conduct</u>**

For a defendant's actions to reach the level of willfulness, the "defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). Furthermore, "it is not absolutely necessary that the neglect or oversight offered as a reason for the delay in filing a responsive pleading be excusable." *Id*.

The Court does not find that Ms. Morgan's explanation for her delay in this case is unreasonable, much less willful. Rather, it appears that Ms. Morgan was dealing with several ongoing legal matters, all happening at the same time, including the Elite Steel bankruptcy case.[8] Given the overlap between this case and the Elite Steel bankruptcy case, in which it is undisputed that Ms. Morgan did not have personal counsel, she was understandably confused about the two proceedings, both in federal court. In some respects, Plaintiffs contributed to the confusion by their May 9 amended motion for entry of default, which included Elite Steel, even though filed well after Plaintiffs presumably received notice of Elite Steel's April 4, 2023 chapter 7 bankruptcy filing and despite the automatic stay provisions of the Bankruptcy Code.

While it might have been wiser for Ms. Morgan to have more promptly inquired of counsel about this lawsuit, her failure to do so under the entirety of the circumstances was not based on

---

[8] The Court is not impressed with Plaintiffs' characterization that by putting Elite Steel into bankruptcy, which Ms. Morgan believed (albeit mistakenly) would insulate her from personal liability, she "determined to steal the Funds rather than defend this lawsuit." (Docket No. 40 at 2.) The Court recognizes that Ms. Morgan's conduct as a putative fiduciary, including in decision-making about assets of Elite Steel, is at the crux of this lawsuit. But the kind of hyperbole that is rampant in Plaintiffs' response is not helpful.

4

Case 3:23-cv-00050   Document 41   Filed 07/28/23   Page 4 of 9 PageID #: 135

any intent to thwart these proceedings or because she recklessly disregarded these proceedings.[9] This factor weighs in favor of setting aside the entry of default.

**Prejudice to Plaintiffs**

"Delay alone is not a sufficient basis for establishing prejudice." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (internal citation omitted). Nor does increased litigation cost generally support a finding of prejudice. *$22,050.00 U.S. Currency*, 595 F.3d at 325 ("[I]t does not make intuitive sense that simply claiming an increase in litigation cost should be sufficient to establish prejudice. Setting aside default will *always* increase litigation cost to the plaintiff because the plaintiff will actually have to litigate the case."). Instead, "it must be shown that delay will result in loss of evidence, create increased difficulties in discovery, or provide greater opportunity for fraud and collusion." *INVST Fin. Grp., Inc.*, 815 F.2d at 398 (internal quotation marks omitted). Plaintiffs have not shown that evidence was lost during the short time that Ms. Morgan was not participating in this case or that they will have any increased difficulties in obtaining discovery.[10] Nor is there any basis upon which to find that setting aside the default would likely provide greater opportunity for fraud or collusion.[11]

Plaintiffs argue that Ms. Morgan's prior conduct in failing to fund the employee benefit plans, most notably health insurance, caused irreparable harm, which Plaintiffs apparently equate to prejudice. However, the relevant inquiry here concerns the future prejudice that will result to

---

[9] Nor is the Court inclined to find that a principal's decision to put a company into bankruptcy *de facto* constitutes an intention to thwart pending judicial proceedings against that company or otherwise rises to a level of culpability or willfulness for purposes of applying Rule 55(c), as urged by Plaintiffs. Doing so would be contrary to the purposes of the Bankruptcy Code.

[10] In fact, no discovery has occurred in this case because of the pending default proceedings.

[11] Ms. Morgan no longer has any control over Elite Steel, its assets, or its records, all of which are now in the possession of the chapter 7 trustee.

5

Plaintiffs in this case from setting aside the default, "not prejudice that has already resulted from the defendant's conduct." *Dassault Systemes, SA*, 663 F.3d 832 at 842 (internal citation omitted). Whatever liability for delinquent contributions is attributable to Ms. Morgan in her role as a principal of Elite Steel – an issue about which the Court expresses no opinion – stems from conduct that already occurred. *See e.g.*, Decl. of Jacen Davidson (Docket No. 9).

Plaintiffs further contend that "[t]he prospective deprivation of health care coverage is an irreparable harm" (Docket No. 40 at 3), again using "irreparable harm" and "prejudice" interchangeably. However, this described harm, to extent that it constitutes prejudice for purposes of Rule 55(c), is not prejudice resulting from setting aside the entry of default against Ms. Morgan. Plaintiffs offer no authority that directs the Court to consider the underlying harm they purportedly suffered from Defendants' conduct, for which they seek remedies in this lawsuit. For purposes of Rule 55(c), "[m]ere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial" of a motion to set aside default. *United Coin Meter Co.*, 705 F.2d at 845 (internal citations omitted).

Further, the shortcoming of Plaintiffs' arguments is that the Elite Steel bankruptcy case and termination of employer-provided healthcare coverage will proceed without regard to proceedings against Ms. Morgan in this case. Whether or not the Court sets aside the default in this case will not change or impact the discontinuation of healthcare coverage. Put another way, whatever detrimental impact Elite Steel's chapter 7 bankruptcy may have on the Elite Steel employees and former employees who are participants and beneficiaries of the Funds – which may well be significant and unquestionably unfortunate – is of little consequence to the Court's

considerations in this case. Ms. Morgan no longer has any control over Elite Steel, that control now rests with the chapter 7 trustee.[12]

Plaintiffs obliquely suggest that they suffered prejudice from the Elite Steel bankruptcy filing initiated by Ms. Morgan as a principal of Elite Steel during the time that she failed to participate in this case. However, Plaintiffs' motion for a temporary restraining order was denied by the Court, prior to Elite Steel's bankruptcy filing, because Plaintiffs failed to identify specific property in the possession of Elite Steel or Ms. Morgan that was earmarked as a contribution to the Funds or otherwise subject to an equitable lien. *See* Mem. Op. and Order (Docket No. 10 at 3–5). The Court does not find that the consequences of the Elite Steel bankruptcy filing are the kind of prejudice contemplated by Rule 55(c). *See e.g.*, *Krowtoh II LLC v. Excelsius Int'l Ltd.*, 330 F. App'x 530, 536 (6th Cir. 2009) (finding no prejudice in dismissal of the plaintiff's preliminary injunction motion because the dismissal resulted from the plaintiff's own failure to request a hearing or otherwise act on its motion, and not as a consequence of the defendants' conduct).

Further, the extent to which Ms. Morgan might be liable for delinquent contributions or have any ongoing liability are among the ultimate issues in this case, into which the Court is disinclined to wade any more deeply in the context of a motion to set aside entry of default other than to simply determine whether there is a meritorious defense. For all these reasons, Plaintiffs have failed to establish that they would be prejudiced if the Court sets aside the default against Ms. Morgan.

---

[12] Any complaints that Plaintiffs may have about the validity or impact of the Elite Steel bankruptcy case must be raised in that case and determined by the Bankruptcy Court.

7

**Meritorious Defense**

Ms. Morgan raises as a defense that she has no personal liability for the delinquencies in the Funds. The Sixth Circuit has made clear that a defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *$22,050.00 U.S. Currency,* 595 F.3d at 326 (quoting *Burrell v. Henderson,* 434 F.3d 826, 834 (6th Cir. 2006)). A defense is meritorious if it is "good at law," regardless of whether the defense is "actually likely to succeed on the merits." *Id*. (citing *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003)).

Attempting to demonstrate that Ms. Morgan does not meet this prerequisite, Plaintiffs argue that Ms. Morgan does not have a meritorious defense because her alleged misuse of funds ostensibly earmarked for contributions to the Funds creates personal liability. While the cases upon which Plaintiffs rely may stand for that proposition, the Sixth Circuit has explicitly recognized that:

> meritorious defenses in the context of setting aside default do not require that a defense be supported by detailed factual allegations to be deemed meritorious. Instead, all that is needed is a hint of a suggestion, which, proven at trial would constitute a complete defense.

*Id*. (quoting *INVST Fin. Grp., Inc.*, 815 F.2d at 399) (internal quotations omitted). Here, the Court finds that Ms. Morgan raised a "hint of a suggestion" of a meritorious defense – namely that, as an interest holder in Elite Steel, she is not an "employer" within the meaning of ERISA and therefore not subject to personal liability for unpaid plan contributions (Docket No. 34 at 3–4) – which sufficiently weighs this factor in favor of setting the default.[13]

---

[13] This finding is further bolstered by the Court's prior findings in denying Plaintiffs' request for a temporary restraining order based on a lack of showing of earmarking or equitable trust. (Docket No. 10 at 3–5.) To be clear, this finding was preliminary only, based on information presented in connection with the TRO. Nevertheless, it is enough to support a determination that

## Conclusion

For all these reasons, Defendant Alisha Morgan's motion to set aside entry of default (Docket No. 34) is GRANTED solely as to her.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

Ms. Morgan has, at a minimum, established the "hint of suggestion" needed to present a meritorious defense.